[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action, the defendant has moved to strike the complaint for failure to state a ground on which relief may be granted. Specifically, the defendant claims that none of the statutory grounds on which a summary process action can proceed, see § 47a-23 (a) of the General Statutes; have been pleaded. The plaintiff, in turn, claims that the complaint was sufficiently precise, particularly because the notice to quit was appended to the complaint and was referred to in the complaint.
Paragraph three of the complaint alleges that there had been a month to month oral rental agreement, and that a notice to quit dated December 18, 1995, terminated that agreement. According to the allegations of the paragraph, then, the defendants were tenants at sufferance following the service of the December notice to quit. Paragraph four of the complaint alleges a second notice to quit served in August, 1996. This notice to quit, but not the first, was attached to the complaint. The August notice to quit states: "Tenant originally had the right or privilege to occupy the premises but the lease ended on December 18, 1995, and as a tenant at sufferance such right or privilege to occupy the premises has terminated." There is no specific statutory language, or language substantially similar to it, in the complaint which states the precise basis for the claimed right to immediate possession of the premises; the language of the notice to quit apparently is intended to track that of § 47a-23
CT Page 6177 (a)(3) of the General Statutes.
Although there is authority for the proposition that the complaint may incorporate by reference the language of an appended notice to quit; see Henney v. Chamberlain, H-350, No. SPH-8207-15515 (Housing Session 1982) (Spada, J.); I believe that the better practice is to require that the specific statutory ground be stated in the complaint itself In order for the system to proceed as expeditiously as possible, the statutes and procedures should be narrowly construed and strictly followed.Southland Corporation v. Vernon, 1 Conn. App. 439, 452 (1984).
The need for precise pleading is particularly apparent in a case like the one at hand. One notice to quit is attached to the complaint, and a separate, earlier notice to quit is referenced. Situations involving multiple notices to quit are relatively complex, technical and fraught with traps for the unwary. CompareBridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574
(1988), with Freshwater Pond Apartments v. Emonds, H-945, No. SPH 8912-53546 (Housing Session 1991). These cases, and other similar cases, illustrate the proposition that the technical situation can vary enormously, depending on whether the first notice to quit is effective. In the instant situation, if the first notice to quit was effective, then it is possible that the second notice to quit would be a nullity, in which case the complaint should simply rely on and append the first notice. In any event, precise pleading helps to eliminate ambiguities.
The motion to strike is granted.
Beach, J.